McCORD, Chief Judge.
Appellant wife appeals a final judgment of divorce, asserting that the trial court erred in its distribution of property and in its award of child support and alimony. We affirm.
Appellant contends the award of child support and alimony is inadequate for her’s and the children’s needs. The award to appellant included the marital home and a 1.3 acre mobile home park with three mobile homes. The award to appellee husband included his auto service business, some acreage and a frame home. The final judgment ordered appellee to continue to make the mortgage payments on the marital home and to pay $500 per month for the support of the parties’ four children who, at the time of final judgment, ranged in age from less than one year to 11 years, plus $150 per month alimony payments. The record indicates that appellee has an annual income from his business of from approximately $18,000 to $23,000 per year, up to approximately $6,000 of which, husband testified, is unreported for income tax each year.
It is apparent from the record that the child support and alimony award is inadequate for the support of appellant and the four children. In making his determination, however, the trial judge probably considered that appellant would receive supplemental income from the trailer park which would adequately raise the level of support, but the record is silent as to the net income which appellant can expect to receive from the rental of the three trailers. If that income proves to be inadequate, the trial judge may consider such inadequacy on a petition to modify because of changed circumstances. Although it appears from the record that appellee probably has sufficient income to make a greater contribution to the support of appellant and the children, the record is not entirely clear that he does have that ability. Such factor would, of course, also be a necessary consideration in any future proceeding for modification.
We have considered appellant’s remaining points and find them to be without merit.
AFFIRMED.
BOOTH and LARRY G. SMITH, JJ., concur.